PER CURIAM.
Appellant appeals his conviction for sexual battery of a six year old child. The trial court’s ruling admitting the child victim’s hearsay statements pursuant to section 90.803(23), Florida Statutes (1989) was not error. The material allegations of the offense were proven by the child’s testimony which was supported by the testimony of others. Appellant’s remaining points, charging error in the admission of the expert testimony of a member of the Child Protection Team,[1] and the refusal to permit testimony regarding an incident occurring between the child victim and her father, were not preserved below. As to the first issue, the record discloses the absence of an objection to the expert testimony on the ground that it amounted to vouching for the credibility of the victim, precluding review on that ground here. Glendening v. State, 536 So.2d 212 (Fla. 1988). As to the second issue, the record discloses that trial counsel never asserted below a constitutional right of confrontation as a basis for his attempted cross-examination in regard to the alleged incident in question, and made no proffer of the evidence sought to be elicited. Accordingly, no abuse of discretion has been shown in the trial court’s ruling that the collateral incident alluded to by counsel in his discussion and argument at trial was irrelevant to the issues before the jury.
AFFIRMED.
ERVIN, SMITH and ALLEN, JJ., concur.

. The expert testimony in this case is not comparable to the testimony of the expert in Weatherford v. State, 561 So.2d 629, 634 (Fla. 1st DCA 1990) wherein the expert testified repeatedly as to her opinion of the truthfulness of the child victim.